NEW ENGLAND TRANSPORTATION COMPANY *vs.*
ABEL RODRIGUES.

JUNE 19, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J.   This is an employer's petition for review of
an agreement for workmen's compensation.   The superior
court granted the petition and the respondent claimed an
appeal but failed to file with his reasons of appeal a tran-
script of the testimony as provided by general laws 1938,
chapter 300, article III, §7.   For that reason, on petitioner's
motion the superior court dismissed his appeal.   From the
decree dismissing the appeal respondent has appealed to
this court.

In prosecuting the instant appeal respondent intentionally
omitted to file a transcript, since the motion to dismiss
was considered and decided by the superior court solely
on statements of counsel and without any evidence.   Never-
theless petitioner contends that we should dismiss this
appeal for the same reason that the trial justice granted
its motion to dismiss the original appeal.   In support of
that contention it cites *Plouffe* v. *Taft-Peirce Mfg. Co.*, 72
R. I. 487.   The petitioner appears to be under the impres-
sion that the appellant in that case desired to raise only a
question of law unrelated to the evidence.   That is not so.
We dismissed the appeal there because the issue which the
appellant intended to argue necessarily involved considera-
tion of the evidence.   But we pointed out later in denying
the appellant's motion for a reargument, *Id.*, 73 R. I. 215,
that if the appeal had raised "a pure question of law,
depending in no way on any evidence or finding of fact"
a transcript would be unnecessary.

In the instant case, at the hearing in the superior court
on petitioner's motion to dismiss, not only was no testimony
taken but no finding of fact was made upon which the
trial justice based his ruling.   The question which he
decided was solely one of law in no way dependent upon
evidence.   Nor did his ruling on the motion involve any
exercise of his discretion.   On the contrary the motion

called for a ruling on a clear-cut matter of law, namely, whether respondent was entitled to prosecute his appeal notwithstanding that he had admittedly not complied with the provision of the statute requiring the filing of the transcript of testimony together with his reasons of appeal. In the circumstances here a transcript of the hearing on the motion would serve no useful purpose and it is therefore not necessary in order for us to determine whether or not as a matter of law the trial justice erred in granting the motion to dismiss.

The original appeal was apparently predicated primarily on certain questions of law, the consideration of which involved the testimony of three medical witnesses. The respondent in prosecuting his appeal recognized that fact and obtained a transcript of the testimony which he intended to file and mistakenly thought he had filed with his reasons of appeal within the time fixed therefor. He was apprised of that mistake when he was served with petitioner's motion to dismiss the appeal because he had not duly filed the transcript together with his reasons of appeal. Instead of requesting the trial justice to fix a new time within which he might file the transcript, he elected merely to oppose the motion to dismiss on the ground that because his reasons of appeal had been filed in time he should have been allowed to file the transcript forthwith, especially since only the time originally fixed had expired and there had been no extensions previously granted.

The trial justice quite properly disregarded that argument on the motion before him. If it had any merit it should have been made by respondent in support of a formal request to the court, in accordance with G. L. 1938, chap. 300, art. III, §7, to fix a new time within which he might file the transcript. Such a request would have invoked the exercise of the trial justice's discretion to grant him relief from his mistake and if refused could have been reviewed here for abuse of discretion. On the motion to dismiss there was clearly no room for the exercise of such

discretion. If respondent needed a transcript to prosecute his reasons of appeal in this court, and apparently he assumed that he did in opposing the motion to dismiss in the superior court, then the trial justice did not err in dismissing his appeal, as the record disclosed that the transcript had not been filed together with his reasons of appeal as required by G. L. 1938, chap. 300, art. III, §7.

However, in this court respondent argued that his appeal should not have been dismissed in any event, because one reason of appeal raised a question of law which was not dependent on the evidence. In support of that contention he relies upon *Sormanti* v. *Deacutis*, 77 R. I. 507. In that case in denying plaintiffs' motions to dismiss certain bills of exceptions which were not accompanied by a transcript we stated that failure to file a transcript did not necessarily deprive appellants of the right to prosecute their bills of exceptions on questions of law. But we also stated therein that the merit of any exception would be confined strictly to matters appearing in the record. In accord with that opinion and also with our statement in *Plouffe* v. *Taft-Peirce Mfg. Co.*, 73 R. I. 215, above referred to, we think that in the case at bar if there is any reason among respondent's reasons of appeal which raises a pure question of law not dependent on the evidence the appeal should not have been dismissed. One of those reasons of appeal is that the decree is against the law. Since under that reason a pure question of law could be raised and argued without reference to the evidence or to any finding of fact, we think the trial justice should not have dismissed the appeal.

If respondent is prepared to present to this court any such question for our determination he should in justice be permitted to do so, since he duly claimed his appeal and within the time fixed therefor filed his reasons of appeal. Of course respondent in his argument here in support of his appeal as above limited will be confined strictly to a pure question of law without reference to or aid from any evidence whatsoever.

The respondent's appeal is sustained, the decree appealed from is reversed, and since all the papers in the cause have been certified to this court the parties may assign the original appeal for hearing in accordance with our opinion.

## ON MOTION FOR REARGUMENT.
### JULY 17, 1953.

PER CURIAM. After our opinion in the above-entitled case, petitioner requested permission to file a motion for reargument. We granted the request and thereafter such motion was filed setting out therein four grounds as bases for reargument.

None of those grounds, in our opinion, is sufficient to entitle petitioner to a reargument. The first ground is that the record does not show that respondent desired to raise a pure question of law. The record shows that one of his reasons of appeal is that the decree appealed from is against the law. The respondent contended at the argument before us that he should be heard on his appeal at least under that reason. We agreed with such contention provided the issue of law which he desired to argue thereunder did not require any reference to the evidence.

The petitioner's second ground for reargument is clearly without merit, as the statements in the opinion to which petitioner objects had no bearing on our decision to permit respondent to be heard on a pure question of law under his appeal.

The third ground misconceives the nature of this court's opinions in *Sormanti* v. *Deacutis*, 77 R. I. 507, 511, and *Bannon* v. *Bannon*, 44 R. I. 468. In each of those cases it was expressly held that a transcript of the evidence was not necessary to obtain in this court a review of a pure question of law. Such a question may well arise in other ways than by the construction of a statute, although that was the issue in the *Bannon* case. Nothing in the language of the opinion in either of those cases requires that an appeal or a bill of exceptions without a transcript must

420

be confined to an issue of statutory construction. On the contrary those cases are to be read as authorizing an appellant in such circumstances to argue here a pure question of law which does not require for its consideration any recourse whatsoever to the evidence.

Under the fourth ground petitioner complains that our decision permits respondent to shift his reason of appeal and thereby does an injustice to petitioner. This is clearly not so. The respondent has a reason of appeal that the decree is against the law. Such a reason became known to petitioner when the reasons of appeal were filed. Under it petitioner must know that respondent could argue here any question of law involving a defect inherent in the decree and not arising during the course of the trial. Without a transcript, however, he could not argue any such question if it involved a consideration of the evidence. In arguing such reason before us respondent will be strictly limited to a pure question of law. To permit such an argument is to accord him no more than his right under his appeal and therefore our decision cannot work any injustice to petitioner.

Motion denied.

*William E. Boyle, William J. Carlos,* for petitioner.
*William R. Goldberg,* for respondent.